FILED
August 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002890542

**3**

Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor/Moving Party

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>    TITAN GILROY and GINA GILROY,<br><br>                  Debtors.<br><br>MEDALLION BANK c/o SYSTEMS & SERVICES TECHNOLOGIES, INC., ITS ASSIGNEES AND/OR SUCCESSORS IN INTEREST,<br><br>                  Movant,<br>-vs-<br>TITAN GILROY; GINA GILROY; MICHAEL F. BURKART, Chapter 7 Trustee,<br><br>                  Respondents. | Case No: 10-40352<br><br>D.C. No. TJS-1<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: October 4, 2010<br>Time: 9:00 a.m.<br>Crtrm: 28<br><br>*The Courtroom of the Honorable Michael S. McManus* |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Medallion Bank c/o Systems & Services Technologies, Inc. ("Movant"), its successors and/or assigns filing this its Motion for Relief from Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1.     On **July 30, 2010** ("Petition Date"), Titan Gilroy and Gina Gilroy ("Debtors") filed a voluntary petition under Chapter **7** of the Bankruptcy Code.

///

2. This Court has jurisdiction of this Motion by virtue of 11 U.S.C. §§105, 361 and 362 and 28 U.S.C. §§157 and 1334.

3. Movant is the owner and holder of a Retail Installment Contract and Security Agreement ("Agreement"), signed by Debtors on **April 18, 2008**.

4. Movant is secured under the Agreement by a properly perfected first lien security interest in a **BOAT & MOTOR: 2008 MASTERCRAFT X-15 SLDR - VIN: MBCNMEF4I708** and **TRAILER: 2008 SPORT BOAT VIN: 4FBBC212581018589** ("Collateral"). A true and correct copy of the Agreement and the Certificate of Title indicating proper perfection of Movant's security interest in the Collateral are attached as Exhibits "1" and "2", respectively, to the Exhibit Index document filed concurrently herewith..

5. By virtue of the above, Movant is the holder of a claim against Debtors in the amount of $39,626.79 as of the Petition Date.

6. With respect to the Agreement, the following is due and owing:

| | |
|---|---|
| Unpaid Principal Balance | $37,142.92 |
| <u>Arrearages</u>: | |
| Monthly Payments from 04/18/2010 through 07/18/2010 at $745.38 | $2,996.52 |
| Attorney's Fees and costs | $625.00 |
| Total Arrearages | $3,621.52 |

7. Pursuant to the Statement of Intention, Debtors' do not state their intentions towards Movant.

8. Movant alleges that the automatic stay should be lifted for cause pursuant to 11 U.S.C. §362(d)(1) in that Movant lacks adequate protection of its interest in the Collateral as evidenced by:

    (a) Debtors have defaulted under the terms of the Agreement by failing to make installment payments when due and owing thereunder;
    (b) The Collateral, and the value of the Collateral, is in a state of decline and continues to decline; and
    (c) Debtors' inability to show that the Collateral is properly insured.

///

///

2

9. Alternatively, Movant alleges that the automatic stay should be lifted for cause under 11 U.S.C. § 362(d)(2) in that Debtors have no equity in the Collateral and it is not necessary for an effective organization. According to the **August 2010**, issue of the **NADA Used Boat Guide** (a publication relied upon by banks, insurance companies, and car dealers in determining the value of used boats), the retail market value of the Collateral as of the Petition Date was approximately **$38,550.00.** A true and correct copy of the N.A.D.A. Guide valuation is attached as Exhibit "3," to the Exhibit Index document filed concurrently herewith.

10. Movant has had to retain counsel to represent it before this Court and is incurring attorney's fees and court costs of $625.00 for which it is entitled to reimbursement under the Agreement.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that, upon final hearing of this Motion, (1) the automatic stay will be terminated so as to permit Movant, its successors and/or assigns, to seek its statutory and other available remedies; (2) Movant be permitted to obtain possession of the Collateral to the exclusion of Debtors; (3) Movant be granted its attorney's fees and costs; (4) the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived; and (5) Movant be granted such other and further relief, at law or in equity, as is just.

Dated: August 30, 2010

SOLOMON, GRINDLE, SILVERMAN & WINTRINGER

By: /s/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Local Counsel for Movant/Creditor Medallion Bank c/o Systems & Services Technologies, Inc.