Filed 08/30/10          Case 10-40352                                    Doc 12

FILED
August 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002890544

**3**

Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor/Moving Party

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>TITAN GILROY and GINA GILROY,<br><br>Debtors.<br>_____<br>MEDALLION BANK c/o SYSTEMS &<br>SERVICES TECHNOLOGIES, INC., ITS<br>ASSIGNEES AND/OR SUCCESSORS IN<br>INTEREST,<br><br>Movant,<br>-vs-<br>TITAN GILROY; GINA GILROY;<br>MICHAEL F. BURKART, Chapter 7<br>Trustee,<br><br>Respondents.<br>_____ | Case No: 10-40352<br><br>D.C. No. TJS-1<br><br>Chapter 7<br><br>**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:  October 4, 2010<br>Time:  9:00 a.m.<br>Crtrm: 28<br><br>*The Courtroom of the Honorable Michael S. McManus* |

I, Alva C. Drowns, III, declare and state as follows:

1. As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.

2. I am the duly authorized custodian of the records of **Medallion Bank c/o Systems & Services Technologies, Inc.** ("Movant"), and I am the person most familiar with the subject Security Agreement in favor of Movant and the ongoing bankruptcy litigation herein, and have authority to certify its records. The records relating to this matter are kept in the regular course of business and were made by a person with knowledge of the matters contained therein and were made at or near the time the information was recorded.

3. Movant is the owner and holder of a Retail Installment Contract and Security Agreement dated

1

**April 18, 2008**, in the original amount of **$40,000.00**, ("Security Agreement"), for the purchase by Titan Gilroy and Gina Gilroy ("Debtors") of a **BOAT & MOTOR: 2008 MASTERCRAFT X-15 SLDR VIN: MBCNMEF4I708** and **TRAILER: 2008 SPORT BOAT VIN: 4FBBC212581018589** ("Collateral").

    4. Movant's security interest in the Collateral is evidenced by a Certificate of Title registered with the State of California Department of Motor Collaterals, a copy of which is attached as Exhibit "B" and made a part hereof.

    5. With respect to the Security Agreement, Debtors have failed to make the April 18, 2010 monthly payment of $745.38 and all subsequent monthly payments for a total delinquency of $2,996.52, as further detailed herein below.

    6. Movant has incurred attorney's fees in bringing this Motion and is entitled to reimbursement for these fees pursuant to the Security Agreement.

    7. The terms of the Security Agreement provide for Debtors monthly payment amount in the sum of $745.38 per month.

    8. The terms of the Security Agreement provide that Movant reserve the right by virtue of an "add-on" clause to adjust the aforementioned monthly payment amount, in the event that Debtors was/were unable to obtain insurance coverage, and Movant is required to advance funds for placing forced insurance coverage.

    9. With respect to the Security Agreement, the following is due and owing:

Unpaid Loan Balance:                        $37,142.92

Delinquencies:

Monthly payments from 04/18/2010 through 07/18/2010
(including late charges) @ 745.38          $2,996.52
Post-petition Attorney's Fees and costs      $625.00
TOTAL DELINQUENCIES               $3,621.52
GRAND TOTAL                           $40,097.47

An additional $745.38 becomes due and owing on the 18th day of each month, as well as an additional late charge 10 days thereafter.

    10. The wholesale market value of the Collateral according to **NADA Used Boat Guide**

1
2  valuation is approximately $38,550.00.

3  11. Based upon the foregoing, Movant is not adequately protected, and that it would be unfair
4  and inequitable to delay this creditor from proceeding to take possession of the Collateral, with intention
5  to sell or otherwise dispose of the Collateral in a commercially reasonable manner.

6  12. If Movant is not permitted to repossess its security interest in the Collateral, it will be
7  damaged by, among other things, the depreciation of the value thereof; by risk of loss or destruction
8  thereof; and by incurring costs and attorney's fees in attempting to preserve its rights throughout the
9  pendency of this bankruptcy case.

10  I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 16TH day of August, 2010, at St. Joseph, MO

_____
Alva C. Drowns, III
Bankruptcy & Legal Supervisor